IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Nathaniel S. Harris, | Civil Action No. 7:18-cv-0716-TMC |
| Plaintiff, | |
| v. | ORDER |
| Chindar Ryant, Jeffrey S. Campbell, and Spartanburg City Police Department, | |
| Defendants. | |

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this case. (ECF No. 14). Plaintiff was advised of his right to file objections to the Report. *Id.* at 11. Plaintiff subsequently filed objections to the Report. (ECF No. 16).

Because the magistrate judge's report noted several insufficiencies in Plaintiff's Complaint, the court found it prudent to allow Plaintiff an opportunity to amend his Complaint. (ECF No. 19). Plaintiff was warned that failure to file an Amended Complaint by January 2, 2019, would result in the court ruling on the pending Report. *Id.* On December 17, 2018, the Clerk's office mailed Plaintiff a copy of the Report, a copy of the Order allowing Plaintiff to amend his Complaint, and a blank Complaint form. (ECF No. 21). Because Plaintiff has failed to file an

1

Amended Complaint correcting the insufficiencies of his Complaint, the court will now rule on the Report and objections.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Since Plaintiff is proceeding *pro se,* this court is charged with construing his pleadings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Plaintiff's failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## I. BACKGROUND

Plaintiff was arrested pursuant to a warrant on November 6, 2014, for alleged actions related to an incident on November 1, 2014. (ECF No. 1 at 5). Plaintiff contends that Defendant Officer Chindar Ryant lacked probable cause when he applied for the arrest warrant because the

warrant was based "solely on the uncorroborated word of the proven unreliable alleged victim." *Id.* Based on these facts, as to Defendant Ryant, Plaintiff has alleged claims of malicious arrest, malicious prosecution, abuse of process, and false imprisonment. *Id.* at 4-6. Furthermore, Plaintiff contends that Defendant Supervisory Sergeant Jeffrey S. Campbell "committed negligent supervision" in approving the warrant application. *Id.*

Plaintiff alleges that he has suffered monetary damages, loss of job opportunities and earning potential, and undue stress because of this incident. *Id*. As a result, Plaintiff seeks compensatory damages in the amount of $675.00 as to each allegation, and punitive damages in the amount of $675.00 as to each allegation, for a total damages claim of $6750.00. *Id.* at 6.

## II. LAW AND ANALYSIS

In his Report, the magistrate judge determined that the Spartanburg City Police Department is not a proper defendant under § 1983. (ECF No. 14 at 9). In his objections, Plaintiff stated that he "would like to voluntarily release Spartanburg City Police Department as a defendant." (ECF No. 16 at 1). Accordingly, all claims against Spartanburg City Police Department are dismissed without prejudice.

Additionally, the magistrate judge determined that the claims against Defendant Campbell should be dismissed because there is no supervisory liability under the doctrine of respondeat superior in § 1983 cases. (ECF No. 14 at 7). Plaintiff objects to this finding, stating that Defendant Campbell was Defendant Ryant's direct supervisor at the time of the arrest and that he "should have trained [Ryant] well enough to know that you cannot base your decision to arrest someone solely off the uncorroborated information" of an unreliable witness. (ECF. No. 16). However, Plaintiff's objection does not address the fact that by law, there is no respondeat superior theory of liability. *See, e.g. Cook v. James*, 100 Fed. App'x 178, 181 (4th Cir. 2004) (("It is well-settled

that respondeat superior generally is inapplicable to §1983 lawsuits.") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978))); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that the doctrine of respondeat superior has no application under § 1983). Accordingly, the court agrees with the magistrate judge that Plaintiff's claim against Defendant Campbell are subject to dismissal.[1]

The magistrate judge further determined that that all claims against Defendant Ryant should be dismissed because Plaintiff has failed to set forth facts sufficient to support cognizable claims for relief. (ECF No. 14 at 5–8). Plaintiff's objections to the Report largely reiterate his claims. However, Plaintiff has made the following specific objections to the Report: (1) that the magistrate judge incorrectly considered false arrest and malicious arrest as the same claim; (2) that the arrest warrant was insufficient; and (3) that the magistrate judge erred in recommending dismissal of his malicious prosecution claim because Defendant Ryant had malice in initiating the charge against Plaintiff. (ECF No. 16). Additionally, in his objections, Plaintiff asserts that the state court charges were terminated in his favor on September 4, 2015 "because of lack of evidence/unable to prove at trial." *Id.* The court overrules each of these objections for the reasons stated below.

Plaintiff contends that false arrest and malicious arrest are separate "crimes" that carry different burdens of proof, and that, therefore the magistrate judge erred in considering these claims together.[2] (ECF No. 16). First, the court notes that these claims are for torts that carry the

---

[1] Additionally, because Plaintiff has failed to raise a claim against Defendant Ryant, as discussed herein, Defendant Campbell could not be held liable under a theory of respondeat superior even if it was applicable to § 1983 claims. *See Cook v. James*, 100 Fed. App'x 178, 181 (4th Cir. 2004).

[2] Specifically, Plaintiff alleges that a claim of false arrest requires proof of actual innocence, which is not correct. To maintain an action for false arrest, a plaintiff must prove "both that he was deprived of his liberty and that the deprivation was done without lawful justification." *Hill v. Gould*, No. 3:04-cv-22388-MBS, 2005 WL 3134066, at *2 (D.S.C. 2005) (citing *Jones v. City of Columbia*, 389 S.E.2d 662 (S.C. 1990)). Plaintiff is correct, however, that in

4

potential for civil liability, not crimes. *See Wallace v. Kato*, 549 U.S. 384, 388–89 (2007). Second, the court recognizes that a claim for "malicious arrest" may be a viable cause of action in South Carolina. *See, e.g., Caldwell v. Bennett*, 22 S.C. 1 (S.C. 1884); *Campbell v. O'Bryan, 43 S.C.L. 204* (S.C. Ct. App. 1856); *Ford v. Kelsey*, 38 S.C.L. 365 (S.C. Ct. App. 1851). Such cause of action, like a claim of false arrest, requires lack of probable cause. *Hogg v. Pinckney*, 16 S.C. 387, 393 (S.C. 1882) ("[I]t is equally as necessary in actions for malicious arrest as in actions for criminal prosecutions, for the plaintiff to allege and prove the want of probable cause."). To the extent that South Carolina still recognizes a claim for malicious arrest, it is likely treated the same as claims for malicious prosecution. *Id.* at 394 (noting that according to the rules at the time, malicious arrest claims were "governed by the same principles as malicious prosecutions"). Therefore, if the magistrate judge erred in conflating Plaintiff's claims for false arrest and malicious arrest, the error is harmless since the magistrate judge also addressed, at length, Plaintiff's malicious prosecution claim.

Secondly, Plaintiff contends that his arrest warrant was insufficient. (ECF No. 1 at 5, 16). To the extent that Plaintiff is attempting to challenge the facial validity of his arrest warrant, Plaintiff has failed to show that Defendant Ryant either deliberately or with "reckless disregard for the truth, made false statements" to obtain the arrest warrant. *See Miller v. Prince George's Cty., MD*, 475 F.3d 621, 627 (4th Cir. 2007). Such reckless disregard can be established "by evidence that an officer acted with a high degree of awareness of a statement's probable falsity, that is, when viewing all the evidence, the [officer] must have serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Id*. (citations omitted).

---

South Carolina, a claim of malicious arrest requires proof of lack of probable cause. *See Hogg v. Pinckney*, 16 S.C. 387, 393 (S.C. 1882).

However, if the officer was negligent or made an innocent mistake in seeking an arrest warrant, such action does not provide a basis for a constitutional violation. *Id.*

In Plaintiff's Complaint, he states that Defendant Ryant obtained the arrest warrant by relying on a victim's statement of what happened during the alleged offense. (ECF No. 1 at 5). However, Plaintiff contends that this victim statement was "uncorroborated" and that the witness has been "proven unreliable." *Id.* Plaintiff provides no factual basis for these accusations nor does Plaintiff contend that Defendant Ryant knew or had suspicions that the witness statement on which he relied was faulty or untrue. Instead, Plaintiff simply states that he "should have known" that the source was not reliable, (ECF No. 16), without providing any explanation as to why this is the case. Additionally, Plaintiff has made no contention that Officer Ryant deliberately obtained a warrant on information he knew to be false. Accordingly, the court finds that Plaintiff has failed to demonstrate that Defendant Ryant either deliberately or recklessly made false statements to obtain the arrest warrant in challenging the facial validity of the arrest warrant. Accordingly, Plaintiff has failed to establish that the warrant was not facially valid.

Finally, in his objections, Plaintiff asserts that his malicious prosecution claim is not premature because his state court proceedings were terminated in his favor and that Defendant Ryant acted with malice in initiating the charges against Plaintiff. (ECF No. 16). The court agrees that Plaintiff's malicious prosecution claim is not premature; however, the court finds that Plaintiff's malicious prosecution claim is subject to dismissal. Plaintiff alleges that his state court charges were dismissed on September 4, 2015, for "lack of evidence/unable to prove at trial." *Id.* Plaintiff attached his indictment and the indictment cover sheet to his objections. (ECF No. 16-1). On the cover sheet, there is a notation that states "*nolle prosequi* with leave to restore" with the explanation "lack of evidence/unable to prove at trial." (ECF No. 16-1 at 1). This is signed by what

appears to be the Assistant Solicitor.³ In South Carolina, when charges are *nolle prossed* "for reasons which imply or are consistent with innocence, an action for malicious prosecution may be maintained." *Nicholas v. Walmart Stores, Inc.*, 33 Fed. App'x 61, 64 (4th Cir. 2002) (citing *McKenney v. Jack Eckerd Co.*, 402 S.E.2d 887, 888 (S.C. 1991)). Accordingly, the Fourth Circuit has determined that South Carolina likely places an "affirmative burden of proving that *nolle prosequi* was entered under circumstances which imply or are consistent with innocence of the accused" to maintain an action for malicious prosecution. *Id.* at 65. Therefore, to maintain a malicious prosecution claim, the plaintiff must show that "[t]he circumstances surrounding the abandonment of the criminal proceedings . . . compel[led] an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution." *Id.* at 65.

The court finds that Plaintiff has failed to meet this burden. While Plaintiff has provided the court with evidence that his charges were *nolle prossed*, he has not proffered any evidence to show that the dismissal was based on his innocence. In fact, the indictment cover sheet shows that the case was dismissed "with leave to restore." (ECF No. 16-1 at 2). However, even assuming that Plaintiff could show that his criminal charges were terminated in his favor, Plaintiff has failed to show a lack of probable cause for the prosecution. Plaintiff's indictment was returned by a grand jury on March 12, 2015, (ECF No. 16-1 at 1), and it has "long since been settled . . . that 'an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause.'" *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975)). As discussed above, Plaintiff has not shown that the indictment was facially invalid. Accordingly, Plaintiff has failed to establish

---

³ Comparing the signatures on both pages, one of which is designated as "Assistant Solicitor."

want of probable cause. Therefore, Plaintiff has failed to state a cognizable claim for malicious prosecution.[4]

## V. CONCLUSION

After a thorough review of the Report and the entire record in this case in accordance with the standard set forth above, the court adopts the magistrate judge's Report (ECF No. 14) to the extent that it is consistent with this Order and incorporates it herein. However, the court finds that dismissal *with prejudice* is appropriate as to the claims against Defendants Ryant and Campbell because Plaintiff has been given an opportunity to amend his Complaint to cure the insufficiencies but failed to do so.[5] Accordingly, all claims against Defendants Ryant and Campbell are **DISMISSED with prejudice and without issuance and service of process.** Because Plaintiff has voluntarily asked that his claims against Spartanburg City Police Department be dismissed, those claims are **DISMISSED *without prejudice*** pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

                                                    s/ Timothy M. Cain
                                                  United States District Judge

February 26, 2019
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[4] As addressed above, a malicious arrest may be treated the same as a claim for malicious prosecution. *Hogg*, 16 S.C. at 394. Accordingly, Plaintiff's malicious arrest claim also fails.

[5] Additionally, while the magistrate judge noted in his Report that the claim for malicious prosecution as to Defendant Ryant was premature because Plaintiff had not alleged that his state court action had been terminated in his favor, Plaintiff has now explained the termination of his state court action in his objections. As discussed above, the court finds that this claim is no longer premature and has determined that Plaintiff has failed to establish a claim of malicious prosecution.